*866 OPINION.
Love:
Referring to petitioners’ contentions in regard to section 280 of the Revenue Act of 1926, we need say no more than that we hold them to be without merit. We disposed of precisely the same question in Henry Cappellini, 14 B. T. A. 1269, since which time we have followed that decision in many cases, and we follow it here.
There remains to be considered respondent’s contention that petitioners are liable as transferees of property of the Banna Manufacturing Company, in respect of the above tax, including interest, additional amounts, and additions to the tax provided by law.
The pertinent part of the Revenue Act of 1926 follows:
CLAIMS AGAINST TRANSFERRED ASSETS.
Sec. 280. (a) The amounts of the following liabilities shall, except as hereinafter in this section provided, be assessed, collected, and paid in the same manner and subject to the same provisions and limitations as in the case of a deficiency in tax imposed by this title (including the provisions in case of delinquency in payment after notice and demand, the provisions authorizing *867 distraint and proceedings in court for collection, and provisions prohibiting claims and suits for refunds) :
(1) The liability, at law or in equity, of a transferee of property of a taxpayer, in respect of the tax (including interest, additional amounts, and additions to the tax provided by law) imposed upon the taxpayer by this title oi by any prior income, excess-profits, or war-profits tax Act.
(2) The liability of a fiduciary under section 3467 of the Revised Statutes in respect of the payment of any such tax from the estate of the taxpayer. Any such liability may be either as to the amount of tax shown on the return or as to any deficiency in tax.
* * * * * # *
(f) As used in this section, the term “transferee” includes heir, legatee, devisee, and distributee.
Section 602 of the Revenue Act of 1928 provides that in proceedings before the Board the burden of proof shall be upon the Commissioner to show that a petitioner is liable as a transferee of property of a taxpayer, but not to show that the taxpayer was liable for the tax. The question immediately before us, then, is whether the Commissioner has sustained the burden of showing that these petitioners are liable as transferees of property of the Banna Manufacturing Company.
The facts material to this consideration, briefly recapitulated, are that on January 2, 1920, the stockholders of the Banna Manufacturing Company sold, under paragraph 1 of the agreement contained in our findings, all their stock to one S. H. McGhee for $483,616, and on the same date Banna Mills was organized as a holding company with an authorized capital of $250,000 preferred stock and $250,000 common. The stock of the manufacturing company was transferred to the holding company and deposited with a trust company as trustee for all those in interest, until all the agreements and terms had been carried out in full. The stockholders of the manufacturing company, under paragraph 11 of the agreement “ swapped ” all their stock for $248,300 of the preferred stock of the holding company, taking in addition $1,700 more of the preferred stock of the holding company at par, thus leaving $233,616 to be paid in cash before the transaction was completed.
On May 1, 1924, the Banna Manufacturing Company sold in good faith all of its assets for a consideration of which not less than $245,000 was received in cash, and $200,000 was received in valid three-year, 6 per cent purchase-money notes. From the cash thus received, the amount due in cash from McGhee, the buyer of the Banna Manufacturing Company’s stock, was paid, and the preferred stock of the holding company (Banna Mills) was redeemed at 95 on or about May 16,1924.
*868 On September 24, 1924, the Banna Manufacturing Company and the holding company, Banna Mills, were duly dissolved, and their respective charters surrendered.
On the crucial date of February 10, 1927, when the deficiency notices were mailed to each of these petitioners, the trustees of Banna Manufacturing Company had in the custody of the American Bank & Trust Company as liquidating agent for such trustees, a cash credit balance of $299.66, and a purchase-money note, or notes, for $200,000 and accrued interest. This amount was duly collected, together with interest for 6 months of $6,000, on or about May 1, 1927, and on May 3 the account of the “American Bank & Trust Co. for Banna Mills ” on the books of the South Carolina National Bank, the successor of the American Bank & Trust Company, was credited with $206,000, and at the close of that business day the cash balance to the credit of that account was $206,299.66.
In support of the burden of proof which rests upon him, the respondent’s only contentions appear to be that these petitioners, all of whom had been stockholders of the Banna Manufacturing Company, had (in paragraph 4 of the above agreement) assumed and agreed to pay the tax liability involved herein, and that dissolution of a corporation absolves a creditor from the duty of exhausting remedies against the corporation before proceeding to collect his debt out of transferred assets.
We dismiss respondent’s first contention. It requires no more than the briefest consideration to determine that respondent has here no interest whatever in a guaranty from these petitioners as sellers of the stock of the Banna Manufacturing Company running to the buyer thereof. Whatever might be the case under other circumstances, respondent is not here proceeding against these petitioners as guarantors to the buyer in a sale of stock of the Banna Manufacturing Company, which is all that paragraph 4 of the agreement provides, but as transferees of the property of the Banna Manufacturing Company, of which corporation they had ceased to be stockholders more than seven years before the deficiency notices were issued.
In Wire Wheel Corporation of America, 16 B. T. A. 737, we held that section 280 of the Act of 1926 provides only an additional means of procedure against a transferee, and that the Commissioner may resort to such a proceeding only when there remain no available remedies against the transferor, and we have been sustained in so holding by the United States Circuit Court of Appeals for the Second Circuit in a per curiam decision handed down on January 5, 1931, in Commissioner of Internal Revenue v. Wire Wheel Corporation of America, 46 Fed. (2d) 1013.
*869 In the case before us the Commissioner contends that dissolution of a corporation absolves a creditor from the duty of exhausting remedies against the transferor corporation, citing Updike v. United States, 8 Fed. (2d) 913, but we are of opinion that that case leads to no such conclusion here. In the Updike case the Courts said:
The trust fund doctrine has been held not to apply to solvent going concerns ; hut dissolution, in this respect, has the same effect as insolvency. [Oiting cases.] Its property then becomes a trust fund for the benefit of creditors and those sustaining a like position under the law; and, if that property has bean distributed to stockholders, it remains impressed with the same trust. (Citing cases.) (Italics supplied.)
Further along in its discussion of the facts, the Court continued:
They [the stockholders] have not merely diminished the corporate estate, as by dividends declared. They have absorbed the corpus. They have converted their stock certificates into the concrete property which those certificates represented. and have thereby rendered the corporation itself unable to meet its obligations. (Italics supplied.)
We are of opinion that the Updike decision cited by the Commissioner, and from which we have quoted, goes no further than to lay down the rule that where property of a dissolved corporation has been distributed to its stockholders without the payment, or the sufficient provision for the payment, of all of its debts, obligations, or liabilities, and the stockholders have thus absorbed the corpus of the corporation and have thereby rendered the corporation itself, or its legal wraith, unable to meet such debts, obligations, or liabilities, then, and to that extent, the property so distributed remains impressed with a trust for the benefit of creditors and those sustaining a like position under the law. That is not the situation here.
On July 26, 1924, the stockholders of the Banna Manufacturing Company, at a meeting regularly and duly called for that purpose, provided:
That the corporation do go into liquidation, and wind up its affairs, and dissolve in accordance with the recommendation of the Board of Directors, and the Directors of the said corporation are hereby appointed Trustees of the same, with all of the power and authority mentioned and described in Section 42S2 of the Oode of Laws of South Carolina, Volume 3, 1922 * * *.
That section of the civil code of South Carolina prescribes (p. 1275):
Upon the dissolution in any manner of any corporation, the directors shall be trustees thereof, with full power to settle the affairs, collect the outstanding debts, sell and convey the property and divide the moneys and other property among the stockholders after paying its debts, as far as such moneys and property shall enable them; * * *
The following section provides:
The directors constituted trustees as aforesaid shall have authority to sue for and recover the aforesaid debts and property by the name of the corpora *870 tion, and shall be suable by the same name or in their own names or individual capacities for the debts owing by such corporation, and shall be jointly and severally responsible for such debts to the amount of the moneys and property of the corporation which shall come to their hands or possession as such trustees.
For more than two years prior to February 10, 1927, and for some time thereafter, the trustees of the Banna Manufacturing Company, who had formerly been its directors, then dissolved, had in their possession in the custody of the American Bank & Trust Company as liquidating agent for such trustees, property consisting of varying amounts of cash, and the purchase money note, or notes, for $200,000, and accrued interest, while the only liability of the Banna Manufacturing Company was these unpaid taxes amounting to $21,424.94. Cf. Kinnett-Odom Co., 19 B. T. A. 1124.
That the Commissioner had not pursued this property thus in the hands of the trustees of the Banna Manufacturing Company is tacitly established in his contention before us that the dissolution of the corporation absolved him from what in his brief he admits to be a creditor’s duty of exhausting remedies against the corporation before proceeding to collect his debt out of transferred assets. It does not appear that the Commissioner has taken any other action whatever.
For these reasons we are of opinion that the Commissioner has not sustained the burden of proof placed upon him by the Revenue Act of 1928, to show that these petitioners are liable as transferees, within the meaning of section 280 of the Revenue Act of 1926, of the property of the Banna Manufacturing Company.

Judgment of no deficiency will he entered.